NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 16 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

STEPHEN C., a minor, by and through Frank C,. guardian ad litem; TAYLOR P., a minor, by and through Billie P., guardian ad litem; FREDDY P.; DURELL P., a minor, by and through Billie P., guardian ad litem; MOANA L.; ANNA D., a minor, by and through Elsa D., guardian ad litem; OLAF D.; LEVI R., a minor, by and through Laila R., guardian ad litem; LEO R., a minor, by and through Laila R., guardian ad litem; NATIVE AMERICAN DISABILITY LAW CENTER,

Plaintiffs-Appellants,

v.

BUREAU OF INDIAN EDUCATION; U.S. DEPARTMENT OF THE INTERIOR; SALLY JEWELL, in her official capacity as Secretary of the Interior; LAWRENCE ROBERTS, in his official capacity as Principal Deputy Assistant Secretary - Indian Affairs; TONY DEARMAN, in his official capacity as Director of the Bureau of Indian Education; JEFF WILLIAMSON,

Defendants-Appellees.

No.    21-15097

D.C. No. 3:17-cv-08004-SPL

MEMORANDUM*

Appeal from the United States District Court

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Argued and Submitted February 9, 2022
Phoenix, Arizona

Before: MURGUIA, Chief Judge, GRABER, Circuit Judge, and FITZWATER,[**] District Judge.

Plaintiffs, former and current students ("Student Plaintiffs") at Havasupai Elementary School ("HES") and Native American Disability Law Center ("NADLC"), bring suit against Defendants the Bureau of Indian Education ("BIE"), the U.S. Department of Interior, and several individual defendants in their official capacities for their alleged failures to provide educational services at HES. Plaintiffs appeal the district court's order granting summary judgment in favor of Defendants on Plaintiffs' claim under the Administrative Procedure Act, 5 U.S.C. § 706(1). Plaintiffs also appeal the district court's decision to dismiss Plaintiffs Stephen C. and Durell P. on the basis that their claims are moot. For the following reasons, we REVERSE and REMAND for additional proceedings.

We review de novo a district court's grant of summary judgment. *Gill v. U.S. Dep't of Just.*, 913 F.3d 1179, 1184 (9th Cir. 2019). "We consider, viewing the evidence in the light most favorable to the nonmoving party, whether there are

---

[**] The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Csutoras v. Paradise High Sch.*, 12 F.4th 960, 965 (9th Cir. 2021) (citation omitted).

The district court erred when it held that Defendants were entitled to summary judgment on Plaintiffs' § 706(1) claim. A party has a cause of action under the APA if the party is "adversely affected or aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C. § 702. Section 706(1) of the APA provides that a court "shall compel agency action unlawfully withheld or unreasonably delayed." *Id.* § 706(1). "A court can compel agency action under this section only if there is 'a specific, unequivocal command' placed on the agency to take a 'discrete agency action,' and the agency has failed to take that action." *Viet. Veterans of Am. v. CIA* (*VVA*), 811 F.3d 1068, 1075 (9th Cir. 2016) (citing *Norton v. S. Utah Wilderness All.* (*SUWA*), 542 U.S. 55, 63–64 (2004)). The agency action must be pursuant to a legal obligation "so clearly set forth that it could traditionally have been enforced through a writ of mandamus." *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 593 F.3d 923, 932 (9th Cir. 2010) (citing *SUWA*, 542 U.S. at 63).

Plaintiffs identify thirteen regulations under the Indian Education Act that Defendants have "unlawfully withheld or unreasonably delayed" at HES. 5 U.S.C. § 706(1); 25 C.F.R. Pt. 36. The regulations contain mandatory language, such as "shall" and "required." *See Firebaugh Canal Co. v. United States*, 203 F.3d 568,

573–74 (9th Cir. 2000) ("The term 'shall' is usually regarded as making a provision mandatory, and the rules of statutory construction presume that the term is used in its ordinary sense unless there is clear evidence to the contrary." (citation omitted)). Many of the challenged regulations mandate "with the clarity necessary to support judicial action" under the APA. *SUWA*, 542 U.S. at 66; *compare id*. at 65–67 (finding insufficient clarity in a broad statutory mandate requiring an agency to manage lands "in a manner so as not to impair the suitability of such areas for preservation as wilderness" (citation omitted)), *with* 25 C.F.R. § 36.22(a) ("The elementary instruction programs . . . shall include . . . (1) Language arts. (2) Mathematics. . . . (5) Fine arts. . . . (6) Physical Education."), *and* 25 C.F.R. § 36.23(c) ("The following content areas shall be integrated into the curriculum. (1) Career exploration and orientation. . . (4) Consumer economics."). Therefore, Plaintiffs allege "both a legal duty to perform a discrete agency action and a failure to perform that action." *VVA*, 811 F.3d at 1079.

The district court erred when it held that summary judgment was warranted because "Plaintiffs' challenges, when aggregated, rise to the level of an impermissible, systematic challenge under the APA that should not be resolved by the courts." The district court's reliance on *Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990), is misplaced. *Lujan* did not foreclose judicial intervention whenever such intervention might result in sweeping changes to an agency program.

4

497 U.S. at 894 (noting that a plaintiff can challenge a final agency action even if the challenge would have the "effect of requiring a regulation, a series of regulations, or even a whole 'program' to be revised by the agency in order to avoid the unlawful result that the court discerns"); *id*. at 891 (concluding that a plaintiff "cannot seek *wholesale* improvement of [an agency] program by court decree" unless a plaintiff "direct[s] its attack against some particular 'agency action' that causes it harm"). Therefore, the district court erred when it granted summary judgment in favor of Defendants on this claim.

The district court also erred when it dismissed Stephen C. and Durell P., two Student Plaintiffs who no longer attend HES, on the ground that their claims are moot. A party must allege a redressable injury at the time of the filing of the original complaint. *See Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380–81 (9th Cir. 1988). Stephen C. and Durell P. have an active controversy against Defendants with an available remedy. The APA permits all suits "seeking relief other than money damages." 5 U.S.C. § 702. "Compensatory education is an equitable remedy that seeks to make up for 'educational services the child should have received in the first place.'" *R.P. ex rel. C.P. v. Prescott Unified Sch. Dist.*, 631 F.3d 1117, 1125 (9th Cir. 2011) (citation omitted); *see also Park ex rel. Park v. Anaheim Union High Sch. Dist.*, 464 F.3d 1025, 1033 (9th Cir. 2006) (per curiam); *Bowen v. Massachusetts*, 487 U.S. 879, 893 (1988) ("The fact that a

judicial remedy may require one party to pay money to another party is not a sufficient reason to characterize the relief as 'money damages.'"). The APA does not preclude a party from seeking compensatory education as an equitable remedy. *See Porter v. Warner Holding Co.*, 328 U.S. 395, 398 (1946) ("Unless a statute in so many words, or by a necessary and inescapable inference, restricts the court's jurisdiction in equity, the full scope of that jurisdiction is to be recognized and applied."). Therefore, the district court erred when it dismissed Stephen C. and Durell P. from the suit.

**REVERSED** and **REMANDED** for additional proceedings.